IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONNA M. JAQUES,<br><br>Defendant. | CIV. NO. 19-00184 LEK-RT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATIONS TO GRANT
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff United States of America's ("United States") Motion for Default Judgment Against Defendant Donna M. Jaques (ECF #15) ("Motion for Default Judgment") came on for hearing on September 19, 2019 at 9:30 a.m. before the Honorable Rom A. Trader. Attorneys Harry Yee, Esq. was present and Charles Duffy, Esq. appeared by phone on behalf of the United States. Defendant made no opposition, objection, appearance, or other communications.

Plaintiff United States of America ("United States") brought this action to reduce to judgment federal individual income tax assessments against Defendant Donna M. Jaques (hereafter "Donna Jaques" or the "Defendant") for tax years 2007, 2010, 2011, 2012 and 2013.

Having considered all written materials submitted in support of the motion for default judgment, the record as a whole, and applicable law, the Court FINDS and

RECOMMENDS that the Motion for Default Judgment be GRANTED for the reasons stated on the record and as stated below.

A.    **Procedural and Factual Background.**

On April 11, 2019, the United States filed its complaint in this action seeking to reduce to judgment federal tax and related assessments against Donna Jaques for outstanding federal income tax liabilities for tax years 2007, 2010, 2011, 2012 and 2013. The complaint seeks judgment that Donna Jaques is indebted to the Government in the amount of the assessments.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402. Venue properly lies in this judicial district because it is the district where the liability for the taxes at issue accrued and it is where Donna Jaques resides.

On multiple dates, an authorized delegate of the Secretary of the Treasury made timely tax assessments for federal individual income taxes, penalties, interest, and other statutory additions against Donna Jaques for tax years 2007, 2010, 2011, 2012 and 2013. The United States provided proper notice and demand for payment of each of the assessments.  Despite the timely notice and demand for payment, Donna Jaques has neglected, failed, or refused to pay assessments totaling $96,772.35, as of July 10, 2019, plus interest, penalties, and other additions provided by law accruing subsequent to that date.  *See* ECF 15-1, at 5.

The United States served the summons and complaint on Donna Jaques on May 9, 2019.  *See* ECF #7.  On May 29, 2019, Counsel for the United States also sent Ms. Jaques a letter by Federal Express and First Class mail, among other things, further notifying her

of the instant lawsuit and the fact that the United States intended to request the Clerk of the Court to enter her default. *See* ECF #15-18. Ms. Jaques has not filed an answer or otherwise appeared in this action. At the request of the United States, the Clerk of the Court entered default against Donna Jaques on June 7, 2019. *See* ECF #10. Thereafter, the United States moved for default judgment on July 3, 2019. See ECF #15.

**B.    Discussion.**

Federal Rule of Civil Procedure 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to F. R. Civ. P. 55(a). Granting or denying an application for default judgment is a matter of the district court's discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In considering a motion for default judgment, courts consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

When determining a defendant's liability on a motion for default judgment, an entry of default functions as an admission of the plaintiff's well-pleaded allegations of fact. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). For example, Ms. Jaques' failure to file a responsive pleading functions as an admission that the amounts in the complaint were properly assessed, that proper notice and demand was made, and that she has failed to pay the liabilities. However, the Court must review the

3

record and, if necessary, make a further factual inquiry to establish the amount the plaintiff is entitled to recover.  *TeleVideo System Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

### 1. Possibility of Prejudice.

There is a danger of prejudice against the United States if the Court does not grant a default judgment. The failure of Donna Jaques to defend this suit has halted the judicial process, and without a default judgment, the United States cannot have a final resolution of its claims.  The harm to the public resulting from Ms. Jaques' refusal to participate in this litigation weighs in favor of default judgment.  Thus, if this Court does not grant the default judgment, the United States will suffer prejudice.

### 2. Merits of the Claim and Sufficiency of the Complaint.

The second and third *Eitel* factors require the United States to show that it has stated a claims on which it may recover.  *See, e.g.*, *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  In this case, the United States has done so.  It has submitted substantial probative evidence on the assessments at issue in the complaint.  For example, in support of its motion for default judgment, the United States has submitted copies of pages from relevant tax returns filed by Donna Jaques and also Certified Certificates of Assessments and Payments (also known as Forms 4340) for the income taxes at issue in this case.  *See* ECF ## 15-9 to 15-17.  Ms. Jaques did not challenge the Government's documentation or its assertions.

The tax and related assessments that were made by the Internal Revenue Service ("IRS") were based on the information that was set forth on the tax returns that Ms. Jaques filed for her 2007, 2010, 2011, 2012 and 2013 years.

Furthermore, the IRS has been specifically authorized by Congress to collect outstanding federal tax liabilities. 26 U.S.C. §§ 6321, 6322, 6331(a). In *Phillips v. Commissioner*, 283 U.S. 589, 595 (1931), the Supreme Court held that "[t]he right of the United States to collect its internal revenue by summary administrative proceedings has long been settled." Under 26 U.S.C. § 7403, the IRS authorizes the Department of Justice to institute proceedings seeking to collect or recover federal taxes. Also, 26 U.S.C. § 7402(a) gives the District Court jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." This jurisdiction extends to suits such as this one.

In this case, the United States has been authorized to institute this action by the IRS to reduce assessments made against the Defendant to judgment. *See* the complaint, at ¶ 2. The complaint sufficiently sets forth the United States' statutory authority for bringing this suit and the nature of the tax and related assessments. Because the United States has sufficiently pled its claims and has shown that it will succeed on the claims, these *Eitel* factors weigh heavily in favor of entering default judgment.

### 3. Sum of Money at Stake.

The United States is seeking to reduce to judgment already assessed tax liabilities plus interest that accrues pursuant to statute. The United States is not seeking, for example, any additional damages or injunctive relief. The requested judgment of

5

$96,772.35 against the Defendant (as of July 10, 2019) represents the extent of her tax liabilities for the tax years at issue. In addition to this amount, the United States seeks subsequently accruing interest to which it is statutorily entitled.

### 4. Likelihood of a Material Factual Dispute.

Another factor concerns disputes on the merits. *Eitel*, 782 F.2d at 1471-72. It is notable here that there are no disputes on the merits since the tax and related assessments are based on the amounts reported on Donna Jaques' tax returns for the years in question. Accordingly, this factor also weighs in favor of entering the requested default judgment.

### 5. Excusable Neglect.

Donna Jaques is aware of this court case. Based on that, the possibility that the Defendant's default was caused by excusable neglect is highly unlikely.

### 6. Policy Favoring Decisions on the Merits.

Although there is a policy of favoring decisions on the merits, as demonstrated above, taken together, the factors set forth in *Eitel* strongly weigh in favor of granting a default judgment for the United States in this matter.

### 7. Granting the Motion for Default Judgment.

Consideration of the *Eitel* factors favors the granting of the United States' motion for default judgment.

## C. Conclusion.

The Court FINDS and RECOMMENDS that:

1. The District Court grant Plaintiff United States default judgment against Defendant Donna Jaques;

2. The Clerk of the Court enter judgment against Donna Jaques for her individual federal income tax liabilities for the tax years 2007, 2010, 2011, 2012 and 2013, in the amount of $96,772.35, plus accrued but unassessed interest accruing after July 10, 2019 and other additions provided by law; and

3. That post judgment interest accrue on the award pursuant to 28 U.S.C. § 1961.

These findings and recommendations are submitted to the Honorable Leslie E. Kobayashi, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 74.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii. Within fourteen (14) days after being served with a copy, any party may file written objections with the Court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

//

//

//

//

//

7

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, October 4, 2019.



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
Civ. No. 19-00184 LEK-RT; *United States of America v. Donna M. Jaques*,
Findings and Recommendations to Grant Plaintiff's Motion for Default Judgment